**Richard G. TORMOEHLEN,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 12A02–0511–CR–1120.**

Court of Appeals of Indiana.

May 30, 2006.

Transfer Denied July 6, 2006.

David M. Payne, Ryan & Payne, Marion, for Appellant.

Steve Carter, Attorney General of Indiana, Mara McCabe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

ROBB, Judge.

Richard Tormoehlen was found guilty by a jury of carrying a handgun without a license, a Class A misdemeanor. He now appeals his conviction. We affirm.

### Issues

Tormoehlen raises several issues for our review, which we restate as follows:

1. Whether the trial court properly denied his motion to dismiss the charges against him and properly granted the State's motion in limine, both of which concerned Tormoehlen's acquisition of a license to carry a handgun subsequent to the offense;

2. Whether the trial court properly instructed the jury; and

3. Whether the evidence was sufficient to support his conviction.

### Facts and Procedural History

On February 28, 2005, Tormoehlen was driving from his mother's home in southern Indiana to his home in Kokomo. Tormoehlen placed his handgun in the glove compartment of his car and placed the magazine under the spare tire in the trunk area. En route, Tormoehlen's employer, a pharmaceutical delivery firm, requested that he pick up some medication on the north side of Indianapolis and deliver it to a nursing home in Rossville, Indiana. After Tormoehlen picked up the medication but before he arrived at the nursing home, he lost control of his car on an icy roadway and the car slid off the road, landing on its side. Tormoehlen was not injured in the crash.

Officer Joel Hargett of the Rossville Police Department was the first to arrive on

the scene. After the vehicle was righted, Officer Hargett checked the interior of the vehicle as part of his investigation and found a handgun on the passenger side floorboard. He asked Tormoehlen for his driver's license, vehicle registration, insurance information, and handgun license. Tormoehlen told Officer Hargett that he did not have a license to carry the handgun. Because Tormoehlen's car was driveable and the medication he was to deliver was time-sensitive, Officer Hargett followed Tormoehlen the short distance to the nursing home and after Tormoehlen completed his delivery, Officer Hargett gave him a summons to appear in court for carrying a handgun without a license.

Tormoehlen was charged by information with carrying a handgun without a license, a Class A misdemeanor, on March 11, 2005. Tormoehlen obtained a handgun license in April of 2005 and presented it to the State. In October of 2005, approximately one week prior to his scheduled jury trial, Tormoehlen filed with the trial court a Memorandum of Law regarding the State's duty to dismiss the charge against him because he had obtained and presented a license.[1] Immediately prior to jury selection on the day of trial, Tormoehlen made a motion to dismiss based on the grounds stated in his memorandum. The trial court denied the motion. The State made a motion in limine to keep any mention that Tormoehlen had subsequently obtained a permit from the jury. The trial court granted this motion. Following the presentation of evidence, Tormoehlen submitted an instruction regarding the elements of the crime and of the affirmative defense. The trial court refused Tormoehlen's tendered instruction in favor of an instruction nearly identical in every way

but for the inclusion of an additional paragraph stating that if the State proved each of the elements of the crime beyond a reasonable doubt, the jury should find Tormoehlen guilty, subject to any applicable defense. Tormoehlen objected to the trial court's instruction. The jury found Tormoehlen guilty as charged, and the trial court fined Tormoehlen $300.00, which was suspended, and imposed court costs of $156.00. Tormoehlen now appeals.

*Discussion and Decision*

I. Effect of Subsequent Issuance of License

Tormoehlen contends that the trial court erred in denying his motion to dismiss based upon the fact that he obtained a handgun license subsequent to this incident, and in granting the State's motion in limine to keep testimony regarding the fact that he obtained a license from the jury.

Tormoehlen was charged with violation of Indiana Code section 35–47–2–1, which states, "[A] person shall not carry a handgun in any vehicle or on or about the person's body, except in the person's dwelling, on the person's property or fixed place of business, without a license issued under this chapter being in the person's possession." Ind.Code § 35–47–2–1(a). There is no dispute that on February 28, 2005, the day of Tormoehlen's accident and the day Officer Hargett found a handgun in Tormoehlen's car, Tormoehlen did not have a license to carry a handgun. Thereafter, on April 19, 2005, a license was issued to Tormoehlen. Tormoehlen presented his newly-acquired license to the State pursuant to Indiana Code section 35–47–2–24(b), which states:

---

1. The Memorandum did not accompany a separate motion seeking relief and no relief     was requested therein.

Whenever a person who has been arrested or charged with a violation of section 1 of this chapter presents a valid license to the prosecuting attorney ...., any prosecution for a violation of section 1 of this chapter shall be dismissed immediately, and all records of an arrest or proceedings following arrest shall be destroyed immediately.

Tormoehlen argued to the trial court and contends on appeal that the charge against him should have been dismissed pursuant to this section because it states only that a "valid license" must be presented to the State, not that the license must have been valid at the time of the offense.

When construing a statute, our objective is to determine and effect the intent of the legislature. *Oliver v. State*, 789 N.E.2d 1003, 1006 (Ind.Ct.App.2003), *trans. denied.* A fundamental principle of construction is to construe the statute in accordance with the purpose of the statute and the statutory scheme of which it is a part. *B.K.C. v. State*, 781 N.E.2d 1157, 1167 (Ind.Ct.App.2003). We presume that the legislature intends for us to apply language in a logical manner consistent with the statute's underlying policy and goals. *Id.* The legislative intent as ascertained from the whole prevails over the strict, literal meaning of any word or term used therein. *Id.* Lastly, we conventionally construe penal statutes strictly against the State. *Id.* However, the law is clear that:

The rule of strict construction of criminal statutes cannot provide a substitute for common sense, precedent, and legislative history. The construction of a penal statute should not be unduly technical, arbitrary, severe, artificial or narrow. In this regard, while penal statutes are to be strictly construed, they need not be given unnecessarily narrow

meaning in disregard of the obvious legislative purpose and intent.... In short, although criminal statutes are to be strictly construed in favor of the defendant, the courts are not authorized to interpret them so as to emasculate the statutes.

*Id.* at 1167–68 (quoting 73 AM.JUR.2D Statutes § 196 (2001) (footnotes omitted)). In other words, the legislature is presumed to have intended the language used in the statute to be applied logically and not to bring about an unjust or absurd result. *Sales v. State*, 723 N.E.2d 416, 420 (Ind.2000).

In ruling on the motion to dismiss, the trial court noted, "why get a driver's license if you could get it after the fact?" [2] Transcript at 9. Tormoehlen notes that our statutes require a person to have a driver's permit or license in his immediate possession when operating a motor vehicle, but provide for dismissal of any charges if a license "that was valid at the time of the person's apprehension" is presented within five days. Ind.Code §§ 9–24–13–3, –6(b). Because the handgun statutes do not similarly include the qualifier that the after-presented license be valid at the time of the person's apprehension, Tormoehlen concludes that "[p]erhaps the legislature had in mind that this would encourage people charged with carrying a handgun without a license to obtain a valid license." Brief of Appellant at 10.

Although Tormoehlen makes a cogent argument supporting his position, we are unable to say that the legislature intended such a result. Construing sections 35–47–2–1 and 35–47–2–24(b) together and considering the purpose of the statute, it is apparent that because the crime is defined as carrying a handgun without also pos-

---

**2.** The trial court also analogized this situation to not getting a fishing license or a prescrip-

tion for a controlled substance until after the fact. Tr. at 9.

sessing a valid license, only presentation of a license that was valid at the time the handgun was carried would negate the crime. In *Wilson v. State*, 727 N.E.2d 775 (Ind.Ct.App.2000), *summarily aff'd on relevant grounds*, 745 N.E.2d 789 (Ind.2001), the defendant was charged with carrying a handgun without a license. The offense was alleged to have occurred on January 17, 1999. Evidence was introduced at trial that a license was issued to the defendant on February 25, 1999, and there was no evidence that he had a license prior to that date. Accordingly, we held that there was sufficient evidence to support his conviction. *Id.* at 782–83. As Tormoehlen concedes he had no license on the date of the offense, the trial court did not err in denying Tormoehlen's motion to dismiss or in granting the State's motion in limine to keep the irrelevant evidence that Tormoehlen obtained a license after-the-fact from the jury.

## II. Jury Instruction

Tormoehlen next contends that the trial court improperly instructed the jury. The instruction in question reads as follows:

The crime of Carrying a Handgun Without a License is defined by statute as follows:

A person shall not carry a handgun in any vehicle or on or about his person, except in his dwelling, on his property or fixed place of business, without a license issued under this chapter being in his possession.

To convict the Defendant, the State must have proved each of the following elements:

The Defendant

1. Knowingly or intentionally

2. Carried a handgun in a vehicle or on or about his person

3. Away from his dwelling, property or fixed place of business[.]

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the Defendant not guilty.

*If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of carrying a handgun without a license, a Class A misdemeanor, subject to any applicable defense.*

It is a defense that the Defendant carried a handgun unloaded and in a secure wrapper to a place of repair or back to his dwelling or fixed place of business, or in moving from one dwelling or business to another, and the burden is on the Defendant to prove this defense by a preponderance of the evidence. If the State proved each of the elements of the offense listed above beyond a reasonable doubt, and the Defendant proved by a preponderance of the evidence that he was carrying a handgun unloaded and in a secure wrapper to a place of repair or back to his dwelling, you must find the Defendant not guilty of carrying a handgun without a license, a Class A misdemeanor.

Appellant's Appendix at 69 (emphasis added). The instruction tendered by Tormoehlen was identical in all relevant respects except that it did not include the paragraph emphasized in the above-quoted instruction. The trial court specifically refused Tormoehlen's version because it did not include a "guilty paragraph." Appellant's Appendix at 40.

In reviewing challenges to jury instructions, we afford great deference to the trial court. *Lewis v. State*, 759 N.E.2d 1077, 1080 (Ind.Ct.App.2001), *trans. denied.* The manner of instructing the jury lies within the trial court's sound discretion. *Id.* Thus, the trial court's ruling will not be reversed unless the instructional error is such that the charge to the jury

misstates the law or otherwise misleads the jury. *Id.*

■ Tormoehlen contends that although the sentence the court included was a part of the instruction as written in the second edition of the Indiana Pattern Jury Instructions, the sentence was omitted from the third edition, and therefore, the trial court's instruction was an incorrect statement of the law. We disagree. Although the preferred practice is to use the pattern jury instructions, the pattern instructions may be supplemented where necessary to eliminate an ambiguity. *Gravens v. State,* 836 N.E.2d 490, 493 (Ind.Ct. App.2005), *trans. denied.* To the extent Tormoehlen contends that the trial court erred in modifying the pattern instruction at all, he is mistaken.

■ Tormoehlen also contends that including the guilty paragraph "cuts the defense off at its knees and gives the jury a shortcut to conviction without the necessity of considering the affirmative defense" and including it prior to the paragraph defining the affirmative defense "simply allowed the jury to read no further, concluding that if the state proved its elements, the defendant should be convicted." Appellant's Brief at 19, 20. Again, we disagree. As Tormoehlen acknowledges, jury instructions must be considered as a whole and in reference to each other. *Patton v. State,* 837 N.E.2d 576, 579 (Ind.Ct. App.2005). The instruction as a whole informs the jury that even if the State proves each and every element of the crime beyond a reasonable doubt, the defendant may still be found not guilty if he proves an affirmative defense. Not only is that result implied by the instruction, but it is also specifically stated: "If the State proved each of the elements of the offense ... beyond a reasonable doubt, and the Defendant proved by a preponderance of the evidence [his defense], you must find the Defendant not guilty ...." Appellant's

Appendix at 69. Moreover, we presume the jury follows the instructions it is given. *Harris v. State,* 824 N.E.2d 432, 440 (Ind. Ct.App.2005). The trial court instructed the jury that it was "to consider all the instructions as a whole and to regard each with the others given to you. Do not single out any certain sentence or any individual point or instruction and ignore the others." Appellant's Appendix at 74. There is no reason to believe that the jury did not read the instruction in its entirety and apply it as instructed. The trial court did not err in instructing the jury.

### III. Sufficient Evidence

■ Tormoehlen also contends that he proved his affirmative defense as a matter of law. This is basically an argument challenging the sufficiency of the evidence supporting his conviction. When reviewing a challenge to the sufficiency of the evidence, this court does not reweigh the evidence or assess the credibility of witnesses and will consider only the evidence favorable to the judgment together with all reasonable inferences from that evidence. *Burks v. State,* 838 N.E.2d 510, 521 (Ind. Ct.App.2005), *trans. denied.*

■ Indiana Code section 35–47–2–2 provides certain exceptions to the general statute that states carrying a handgun without a license is a crime. Tormoehlen contended at trial that he fit within the following exception:

> Section [35–47–2–1] does not apply to ... any person while carrying a handgun unloaded and in a secure wrapper from the place of purchase to his dwelling or fixed place of business, or to a place of repair or back to his dwelling or fixed place of business, or in moving from one dwelling or business to another.

Ind.Code § 35–47–2–2(11).

The evidence at trial was that the gun was in the glove compartment of Tormoeh-

len's car and the magazine was under the spare tire in the trunk area. Tormoehlen contends this proves the gun was unloaded and in a secure wrapper. In *Gray v. State*, 159 Ind.App. 200, 305 N.E.2d 886, 888 (1974), we held that "the 'secure wrapper' contemplated by the statute must be such as to prevent immediate or ready access to the injurious capabilities of weapons thus carried." In *Beck v. State*, 414 N.E.2d 970, 973 (Ind.Ct.App.1981), we applied the *Gray* holding in determining that a handgun under the front seat of a vehicle with the cylinder within easy reach in the back seat was not in a "secure wrapper" and the jury's guilty verdict was therefore supported by sufficient evidence. Here, the handgun was within easy reach in the glove compartment of Tormoehlen's vehicle. Tormoehlen testified that the glove compartment did not have a locking mechanism. The magazine was under the spare tire in the back of the vehicle, but neither Officer Hargett nor Tormoehlen were able to say definitively that the gun required the magazine to be in place in order to fire the gun. In other words, a bullet could have been in the chamber even though the magazine had been removed. Accordingly, the jury could have determined that Tormoehlen failed to prove that the handgun was unloaded or that it was in a secure wrapper, and such a determination is reasonable given the evidence.[3]

### Conclusion

A license acquired after being cited for carrying a handgun without a license is not a "valid license" sufficient to require that the charge be dismissed pursuant to Indiana Code section 35–47–2–24(b). A "valid license" is one that is valid at the time the handgun is carried. Therefore, the trial court did not err in denying Tormoehlen's pre-trial motion to dismiss or in granting the State's motion in limine to keep evidence of the subsequently obtained license from the jury. The trial court correctly instructed the jury, and there was sufficient evidence to support Tormoehlen's conviction. His conviction is, therefore, affirmed.

Affirmed.

VAIDIK and MATHIAS, JJ., concur.

---

**3.** That Tormoehlen failed to prove he was carrying the handgun unloaded and in a secure wrapper is sufficient to defeat his affirmative defense. We therefore need not discuss his allegation that he was taking the handgun to Kokomo to be repaired or that he was moving the handgun between dwellings.