Elmer D. BAKER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 17A04–0905–CR–299.

Court of Appeals of Indiana.

June 28, 2010.

---

Latriealle Wheat, Angola, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

CRONE, Judge.

Elmer D. Baker petitions for rehearing in *Baker v. State*, 922 N.E.2d 723 (Ind.Ct. App.2010), in which we affirmed his convictions on two counts of class A felony child molesting and one count of class C felony child molesting. We grant Baker's petition for the sole purpose of clarifying our holding on the issue of the amendment of the charging information but affirm our decision in all respects.

On July 3, 2006, the State charged Baker with two counts of class A felony child molesting and a habitual offender count. Counts I and II alleged that Baker molested C.B. and J.A. respectively in June or July 2003. After Baker's June 5, 2007 jury trial ended in a mistrial, the State filed a motion to amend the charging information on June 18, 2007. On July 9, 2007, Baker filed a written objection to the State's motion to amend. Following a July 31, 2007, hearing, the trial court granted the State's motion. Under the amended information, the first two counts remained the same except that the relevant time period was expanded to October 2000 to August 2003. The amended information also included count III, class C felony child molesting, alleging that Baker fondled a third victim, A.H., in 2002. On August 18, 2008, a five-day jury trial commenced. Thereafter, the jury found Baker guilty as charged on the three counts of child molesting. Baker waived his right to trial by jury on the habitual offender count, and the trial court found him to be a habitual offender and sentenced him to a 106-year term.

On appeal, Baker argued that, by allowing the information to be amended, the trial court violated his ex post facto protections. Thus, in our original opinion, we examined the revised statute that addresses amendments to a charging information. The statute provides in pertinent part:

> (b) The indictment or information may be amended in matters of substance and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant at any time:
>
> (1) up to:
>
>> (A) thirty (30) days if the defendant is charged with a felony; or
>>
>> (B) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors; before the omnibus date; or
>
> (2) before the commencement of trial;
>
> if the amendment does not prejudice the substantial rights of the defendant.

Ind.Code § 35-34-1-5(b) (2007). We concluded that the revised statute could be applied retroactively. *See Ramon v. State*, 888 N.E.2d 244, 252 (Ind.Ct.App.2008) (holding that provisions of revised statute regarding amendments to charging information are procedural rather than substantive); *see also Hurst v. State*, 890 N.E.2d 88, 95 (Ind.Ct.App.2008) (relying on *Ramon* and holding that revised statute can be applied retroactively), *trans. denied*. As a result, we held that the trial court did not violate Baker's ex post facto

protections by allowing his charging information to be amended:

> Here, the amended information retained the two class A felony counts involving Baker's acts committed against C.B. and J.A., but the dates of the alleged acts were expanded from "June and July of 2003" to "October 2000 through August of 2003." With respect to these amendments, we note that time is not of the essence in child molesting cases. "It is difficult for children to remember specific dates, particularly when the incident is not immediately reported as is often the situation in child molesting cases." Exact dates become important only in circumstances "where the victim's age at the time of the offense falls at or near the dividing line between classes of felonies." Such is not the case here.
>
> The amended information also added a count of class C felony child molesting, alleging that Baker fondled A.H. "in or about 2002." Even though this amendment concerns a matter of substance rather than an immaterial defect, we conclude that it did not prejudice Baker's substantial rights. "A defendant's substantial rights include a right to sufficient notice and an opportunity to be heard regarding the charge." This means that the defendant must be afforded a reasonable opportunity to prepare for and defend against the amended charge. The trial court granted the State's motion to amend the charges against Baker on July 31, 2007. The trial began on August 18, 2008. Thus, Baker was afforded more than twelve months to prepare for and defend against the amended charges. As such, it cannot be said that he lacked sufficient notice and an opportunity to be heard regarding the amended charges.

*Baker*, 922 N.E.2d at 728–29 (citations and quotation marks omitted).

On rehearing, Baker contends that the amendments to the charging information "occurred after the expiration of both the deadline related to the omnibus date and the deadline based upon the commencement of trial." Appellant's Br. on Reh'g. at 8. He asserts that the applicable trial date is the date of the first trial that ended in a mistrial and that "[n]owhere in that statute does the Legislature suggest that the process starts over again in the event of mistrial." *Id.*

 It is true that the statute does not specifically address what happens in the event of a mistrial; however, the fundamental consideration in determining prejudice to a defendant's substantial rights is whether the defendant was afforded a reasonable opportunity to prepare and defend against the amended charges. *Hurst*, 890 N.E.2d at 95. Baker had a full year to do so. *Baker*, 922 N.E.2d at 729.[1] We clarify our holding to state that the applicable deadline for amending the information is not "before the commencement of the trial" that ended in a *mistrial*; rather, it is "before the commencement of the trial" that was held on the amended charges, and the one from which Baker

---

1. As stated in our original opinion, the amendments to counts I and II concerned the date range of the class A felony child molesting offenses. *See Baber v. State,* 870 N.E.2d 486, 492 (Ind.Ct.App.2007), *trans. denied* (holding that time is not of the essence in child molesting cases except where age of child affects class of charge). Here, the victims were clearly within the age limitations set forth for the class A felony version of the offense. Count III addressed a distinct time and victim; thus, mistrial or not, the State could have filed this charge under a separate cause number. As such, it is difficult to see how the addition of this count prejudiced Baker.

filed his appeal. We affirm our original decision in all respects.

Affirmed.

RILEY, J., would deny.

VAIDIK, J., concurs.