## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 19 2016, 6:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Darius L. Crockett,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 19, 2016

Court of Appeals Case No.
20A03-1509-CR-1282

Appeal from the
Elkhart Superior Court

The Honorable
Evan S. Roberts, Judge

Trial Court Cause No.
20D01-1406-FD-693

**Kirsch, Judge.**

[1] Following a jury trial, Darius L. Crockett ("Crockett") was convicted of Class D felony domestic battery in the presence of a child less than sixteen years of

age[1] and Class D felony theft.[2]  He appeals and raises the following restated issue:  whether the trial court properly instructed the jury.

[2]  We affirm.

## Facts and Procedural History

[3]  In November 2013, Crockett was living with his then-girlfriend ("Girlfriend") and her two young children.  He punched Girlfriend in the face in the presence of her children, and he shoved her to the ground and pinned her there, with her one-year-old child underneath her.  Crockett thereafter threatened Girlfriend with a steak knife, and before leaving the premises, he took Girlfriend's keys and cell phone from her.  In June 2014, the State charged him with one count of Class D felony domestic battery and one count of Class D felony theft.

[4]  A jury trial was conducted.  The record before us reflects that, on the morning of the second day of trial, counsel for both parties met with the trial court in chambers "to begin work on the final instructions."  *Tr.* at 300.  Once back on the record, the trial court summarized what had transpired and, as is relevant here, stated:

> The Court has granted the defendant's request, without objection, as to providing the jury necessary lesser included

---

[1] *See* Ind. Code § 35-42-2-1.3(a)(2), (b)(2).  We note that the statutes under which Crockett was charged were amended effective July 1, 2014.  However, he committed his offenses in November 2013, and we apply the statutes in effect at that time.

[2] *See* Ind. Code § 35-43-4-2(a).

offenses of Domestic Battery, as a Class A Misdemeanor; Battery, as a Class A Misdemeanor; Battery, as a Class B Misdemeanor; and Criminal Conversion, as a Class A Misdemeanor. In addition, *the Court has modified the final instructions to avoid confusing the jury with reference to the verdict form*[.]

*Id*. at 301 (emphasis added).

[5] The referenced verdict form instruction provided the following explanation to the jury about how to complete the verdict form:

> I am submitting to you a Verdict Form you may return. The foreperson should sign and date the verdict to which you all agree. Do not sign any form for which there is not unanimous agreement. The foreperson must return the verdict form, signed or unsigned. You must address all counts and lesser included offenses as contained in the Verdict Form. By way of example only, *if you find* that the State of Indiana has met its burden of proof (that is, beyond a reasonable doubt) as to the Class D Felony of Domestic Battery, *you should mark* that Count Guilty; or, *if you find* that the State of Indiana has not met its burden of proof (that is, beyond a reasonable doubt) as to the Class D Felony of Domestic Battery, *you should mark* that Count, Not Guilty.

*Appellant's App*. at 49; *Tr*. at 302 (emphasis added). Crockett's counsel lodged an objection to the instruction as written and asked that the instruction use the language "may" return a verdict of guilty instead of "should," arguing that "it's more in line with the jury's role as judges of the facts and the law[.]" *Tr*. at 301-02. The trial court overruled the objection and later read the instruction to the jury. *Id*. at 408-09.

[6]   The jury found Crockett guilty as charged, and the trial court sentenced him to three years of incarceration for the Class D felony domestic battery conviction and one year for the Class D felony theft conviction, to be served consecutively. He now appeals.

## Discussion and Decision

[7]   Crockett claims it was error to instruct the jury that, if it determined that the State had met its burden of proof on a charged offense, then it "should" mark that count as guilty. Initially, we observe that, aside from the standard of review and reciting the instruction at issue, Crockett's argument consists of two sentences, and he cites to no case law in support of his argument. *Appellant's Br.* at 2. Indiana Appellate Rule 46(A)(8) provides in relevant part, "The argument must contain the contentions of the appellant on the issues presented supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on." A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record. *Lyles v. State*, 834 N.E.2d 1035, 1050 (Ind. Ct. App. 2005). Accordingly, Crockett has waived this issue for appellate review.

[8]   Waiver notwithstanding, we find no error. In reviewing challenges to jury instructions, we afford great deference to the trial court. *R.T. v. State*, 848 N.E.2d 326, 331 (Ind. Ct. App. 2006), *trans. denied*. The manner of instructing the jury lies within the trial court's sound discretion. *Id.* Jury instructions will

be considered as a whole and not individually, and a court does not necessarily abuse its discretion by giving an erroneous instruction. *Womack v. State*, 738 N.E.2d 320, 325 (Ind. Ct. App. 2000), *trans. denied*. To find that the court abused its discretion by giving an erroneous instruction, we must find that the instructions taken as a whole misstate the law or otherwise mislead the jury. *Id.* A defendant is only entitled to a reversal if he affirmatively demonstrates that the instructional error prejudiced his substantial rights. *Snell v. State*, 866 N.E.2d 392, 396 (Ind. Ct. App. 2007).

[9]     Crockett argues that the use of the word "should" in the instruction – *i.e.*, "if you find … then you should" – was erroneous. He suggests that the phrase "may return a verdict" of guilty or not guilty "more properly states the role of the jury." *Appellant's Br.* at 2. We believe that Crockett's argument is that the instruction impermissibly impinged upon the jury's role under Article I, section 19 of the Indiana Constitution, which states: "In all criminal cases whatever, the jury shall have the right to determine the law and the facts." In *Wright v. State*, 730 N.E.2d 713, 716 (Ind. 2000), our Supreme Court considered and rejected a defendant's challenge to similar instructions, which read:

Instruction 15

> The State has the burden of proving that the defendant is guilty beyond a reasonable doubt. . . . Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. . . . *If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you **should** find him guilty. If on the other hand, you think there is a real possibility*

*that he is not guilty, you **should** give him the benefit of the doubt and find him not guilty*.

Instruction 21

I submit this case to you with the confidence that you will faithfully discharge the grave duty resting upon you, bearing in mind that the liberty of the accused is not to be trifled away nor taken by careless or inconsiderate judgment; but *if after a careful consideration of the law and the evidence in the case you are satisfied beyond a reasonable doubt that the defendant is guilty, you **should** return your verdict accordingly*. Duty demands it and the law requires it.

*Id*. at 716 (record citations omitted) (emphasis added).

[10] The *Wright* Court held that Instructions 15 and 21, which "inform[ed] the jurors that if they conclude beyond a reasonable doubt that the defendant is guilty, they should return a verdict of guilty," did not violate Article I, Section 19. *Id*. The Court further opined, "The instructions are hardly offensive to any of our fundamental precepts of criminal justice[.]" *Id*.; *see also Morgan v. State*, 755 N.E.2d 1070, 1073 (Ind. 2001) (recognizing that trial court's use of word "should" in instruction does not violate Article I, Section 19). So long as the jury is instructed on the elements of the crime, that it is judge of the law and the facts, and that it is to consider all the instructions as they relate to each other, "[I]t is proper to tell the jury it 'should' convict." *Wright*, 730 N.E.2d at 716.

[11] Here, the trial court instructed the jurors that they had the right to determine both the law and the facts. *Tr*. at 394; *Appellant's App*. at 32, 56. It also instructed the jury as to the elements of the offenses, that all instructions must

be considered together, that Crockett was entitled to the presumption of innocence, and that the State had the burden of proof beyond a reasonable doubt. *Tr*. at 394, 399-401; *Appellant's App*. at 32, 34, 39, 58, 62. Taking the instructions as a whole, the language of the challenged instruction did not invade the province of the jury or require it to follow a certain course of action. Crockett has failed to demonstrate that the trial court abused its discretion in the manner in which it instructed the jury. *See Burgett v. State*, 758 N.E.2d 571, 577 (Ind. Ct. App. 2001) (rejecting defendant's argument that phrase "you should find him guilty" is mandatory and invades province of jury, as jury still had right "to determine law and facts" as required by Article I, Section 19 of Indiana Constitution), *trans. denied*.

[12] Affirmed.

[13] Mathias, J., and Brown, J., concur.