

FILED

Nov 27 2017, 9:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

William Wilson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 27, 2017

Court of Appeals Case No.
49A02-1704-CR-841

Appeal from the Marion Superior
Court, Criminal Division 8

The Honorable James Osborn,
Judge

Trial Court Cause No.
49G08-1603-CM-10639

**May, Judge.**

Court of Appeals of Indiana | Opinion 49A02-1704-CR-841 | November 27, 2017          Page 1 of 3

William Wilson appeals his conviction of Class A misdemeanor carrying a handgun without a license.[1]  Wilson argues the evidence was insufficient to support the conviction because the State failed to show he acted intentionally or knowingly.  We affirm.

## Facts and Procedural History

On March 18, 2016, William Wilson was pulled over while in possession of a handgun.  Wilson told the officer he had a license for the handgun.  The license Wilson produced had expired on March 12, 2016.  Wilson was arrested, charged, and found guilty of a Class A misdemeanor carrying a handgun without being licensed.

## Discussion and Decision

Wilson argues the evidence was insufficient to support his conviction.  When considering the sufficiency of evidence, "a reviewing court does not reweigh the evidence or judge the credibility of the witnesses."  *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005).  We must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt."  *Id*. at 126 (internal citation omitted).

---

[1] Ind. Code § 35-47-2-1 (2014).

"[A] person shall not carry a handgun in any vehicle or on or about the person's body without being licensed[.]" Ind. Code § 35-47-2-1(a) (2014). Wilson admitted being in possession of a handgun on March 18, 2016. The license he gave the officer expired on March 12, 2016. Therefore, Wilson possessed a handgun without being properly licensed. Without a valid license, Wilson was in violation of the law.[2]

# Conclusion

The evidence demonstrates Wilson possessed a handgun without being properly licensed. Thus, the evidence is sufficient to support his conviction, and we affirm.

Affirmed.


Barnes, J., and Bradford, J., concur

---

[2] Wilson also argues Indiana Code Section 35-47-2-1 "requires proof of a culpable mental state." (Appellant's Br. at 8.) As explained in *R.T. v. State*: "[B]ecause the crime is defined as carrying a handgun without also possessing a valid license, only presentation of a license that was valid at the time the handgun was carried would negate the crime." 848 N.E.2d 326, 330-31 (Ind. Ct. App. 2006), *trans. denied*. Wilson's knowledge whether his license expired is not an element of the crime.